UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

JEFFREY H.,

             Plaintiff,

    v.

KILOLO KIJAKAZI,

ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

          Defendant.

Case No.   4:22-cv-12186-MRG

**MEMORANDUM AND ORDER**

Plaintiff seeks social security benefits for a combination of physical and mental impairments including anxiety, depression, back pain, and insomnia. Under 42 U.S.C. § 405(g), Plaintiff filed this lawsuit for judicial review of the final decision by the Commissioner of Social Security denying his benefits claim. Because the Administrative Law Judge's decision denying benefits is supported by substantial evidence and free of legal error, the Court **DENIES** Plaintiff's motion for judgment on the pleadings and **GRANTS** Defendant's cross-motion to affirm the Commissioner's decision.

## BACKGROUND

Plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act on March 24, 2011. (Administrative Record ("AR") 297-303.) In his application, he alleged a disability onset date of September 15,

2004. (AR 297.) At the time of the alleged disability onset date, Plaintiff was twenty-nine years of age. (AR 741.) He is a high school graduate, has one semester of college education, and lives with his spouse, three children, and his mother. (AR 97, 741.) His past relevant work is as an order clerk, which is classified as sedentary and semi-skilled. (AR 740-41.) After his application was denied initially and upon reconsideration, he submitted a written request for a hearing and Administrative Law Judge ("ALJ") Michael P. Breton held a hearing on November 27, 2012. (AR 181-82, 67-90.) At the hearing, Plaintiff testified and was represented by counsel. (AR 67-90.) On December 14, 2012, the ALJ issued a decision finding that Plaintiff was not disabled. (AR 158-65.) Plaintiff appealed this decision and the Appeals Council remanded the case for another hearing that was held on January 27, 2016. (AR 91-130, 236-43.)

At the second hearing, Plaintiff again testified and was represented by counsel. (AR 91-130.) On March 10, 2016, the ALJ issued a second decision, again finding that Plaintiff was not disabled. (AR 34-47.) On May 11, 2016, Plaintiff appealed this second decision and submitted additional medical records in support of his request for review. (AR 15-16, 24-30.) On April 25, 2017, the Appeals Council denied Plaintiff's appeal. (AR 5-8.) On February 9, 2018, Plaintiff filed a complaint with the district court, seeking review of the Appeals Council's denial. (AR 819-61.) On October 3, 2019, the court, after extensive review of the administrative record, issued an order vacating the Appeals Council's denial and

remanding the matter for further review on two issues: (1) whether the vocational expert adequately considered Plaintiff's physical limitations when opining that jobs exist in significant numbers in the national economy that Plaintiff can perform, and (2) whether the ALJ rejected treating physician Dr. Olga Gaftanyuk's opinion solely because she started treating Plaintiff after the date last insured. (AR 862-89.) The Commissioner moved for reconsideration of the order and after further review, the court conceded it erred in its analysis of the vocational expert testimony and that the ALJ's determination on the extent of jobs available in the national economy was supported by substantial evidence. (AR 890-900.) Accordingly, the court granted the Commissioner's motion for reconsideration on this issue and held that the sole issue on remand concerned Dr. Gaftanyuk's opinion evidence.

On August 29, 2022, ALJ Addison C. S. Masengill issued a new decision and came to the same conclusion as the prior ALJ, that Plaintiff was not disabled. (AR 722-48.) The Appeals Council did not review this last decision, thus making it the final decision of the Commissioner. (AR 722-23.) On December 22, 2022, Plaintiff filed this complaint in this Court seeking review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). (Dkt. No. 1.)

In his decision, the ALJ found that Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine, irritable bowel syndrome ("IBS"), a depressive disorder, a panic disorder, and an anxiety disorder. (AR 727.)  Further, the ALJ determined that these severe impairments "significantly limit the ability [of

Plaintiff] to perform basic work activities . . . ." (AR 728.) But, the ALJ found that Plaintiff's additional claimed disabilities of vision floaters and insomnia did not more than minimally affect his ability to work, and thus were non-severe. (Id.) The ALJ concluded that the impairments—considered individually and in combination— did not meet or medically equal one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (AR 728-30.)

The ALJ then determined that Plaintiff had the residual functional capacity to perform light work with certain limitations and concluded he was not disabled because although he could not perform his past relevant work as an order clerk, he was capable of making a successful adjustment to other work that existed in significant numbers in the national economy. (AR 740-42.) Plaintiff filed a motion for judgment on the pleadings and asked for the denial of benefits to be vacated and the claim be remanded to the ALJ for further proceedings. (Dkt. No. 15.) Defendant filed a separate motion for an order affirming the decision of the Commissioner. (Dkt. No. 19.) Both motions are now ready for decision without oral argument.

## ISSUES FOR REVIEW

1.  Did the ALJ err in weighing Plaintiff's medical opinion evidence?

2.  Did the ALJ err in finding Plaintiff's insomnia was non-severe?

## LEGAL STANDARD

Claimants are considered disabled under the Social Security Act if they meet two requirements. See 42 U.S.C. § 423(d). First, the claimant must demonstrate an

"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Second, the impairment or impairments must be severe enough that they are unable to do their previous work and cannot, based on age, education, and work experience "engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). In determining disability, an ALJ employs a five-step sequential analysis, examining:

> 1) if the applicant is engaged in substantial gainful work activity, the application is denied; 2) if the applicant does not have, or has not had within the relevant time period, a severe impairment or combination of impairments, the application is denied; 3) if the impairment meets the conditions for one of the "listed" impairments in the Social Security regulations, then the application is granted; 4) if the applicant's "residual functional capacity" is such that he or she can still perform past relevant work, then the application is denied; 5) if the applicant, given his or her residual functional capacity, education, work experience, and age, is unable to do any other work, the application is granted.

Seavey v. Barnhart, 276 F.3d 1, 5 (1st Cir. 2001).

An ALJ's decision to deny benefits will only be disturbed if it is not supported by substantial evidence or it is based on legal error. Geoffroy v. Sec'y of Health & Human Servs., 663 F.2d 315, 319 (1st Cir. 1981). "Substantial evidence is

'more than [a] mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Currier v. Sec'y of Health, Educ. & Welfare</u>, 612 F.2d 594, 597 (1st Cir. 1980). Indeed, a court "must uphold the Secretary's findings 'if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion.'" <u>Ortiz v. Sec'y of Health & Human Servs.</u>, 955 F.2d 765, 769 (1st Cir. 1991). Under such review, "[t]he ALJ's findings of fact are conclusive when supported by substantial evidence . . . but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." <u>Nguyen v. Chater</u>, 172 F.3d 31, 35 (1st. Cir. 1999).

## DISCUSSION

Because Plaintiff filed his claim in 2011, the new regulations that became effective for disability benefits claims filed on or after March 27, 2017, do not apply in this case. <u>See</u> <u>Revisions to Rules Regarding the Evaluation of Medical Evidence</u>, 82 Fed. Reg. 5,844 (Jan. 18, 2017). Instead, this case falls under the old regulations, which require an ALJ to give "controlling weight" to medical opinions from treating sources if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [ ] not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). If an ALJ does not give a treating medical opinion controlling weight, they must give good reasons for the weight given to the opinion and consider factors such as the length, nature and extent of the

6

treatment relationship; frequency of examination; the opinions supportability and consistency; the specialization of the medical source issuing the opinion; and other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(2)-(6).

## B. The ALJ's weighing of the medical evidence

Plaintiff challenges the ALJ's weighing of the medical evidence and contends that the ALJ's assigning little weight to Dr. Gaftanyuk's opinions was not based on substantial evidence.

### 1. Dr. Olga Gaftanyuk

Plaintiff's bare assertion is that the assigning of little weight to Dr. Gaftanyuk's opinions was not based on substantial evidence because the ALJ considered the treatment rendered by Dr. Murthy, Plaintiff's primary care provider, who did not specialize in mental health. The Court disagrees. The ALJ gave little weight to the opinion of Dr. Gaftanyuk and premised this finding on the inconsistencies between Dr. Gaftanyuk's opinions and the documented medical record. (AR 737-38.)

Here, Dr. Gaftanyuk, in a progress note dated August 5, 2020, found that Plaintiff had "a great deal of anxiety" and extremely poor concentration and was unable to focus or concentrate for eight hours a day due to cognitive and mental health issues. (AR 1131.) But as the ALJ correctly found, Plaintiff repeatedly reported that his anxiety was under control due to medication prior to the date last

7

insured. (AR 427, 432, 434, 438, 439, 448, 451.)

Dr. Gaftanyuk also described the Plaintiff as tired and lethargic, thus making it extremely difficult for Plaintiff to stay focused and awake for an 8-hour workday. (AR 1131.) But again, the ALJ found that during the time period at issue, Plaintiff experienced improvement in his sleep due to medication. (AR 427, 431, 432, 433, 437-38, 440.) Further, Dr. Gaftanyuk described Plaintiff as "not steady to walk or stand for long periods of time." (AR 1131.) But during the time period at issue, Plaintiff self-reported engaging in light work, such as mowing and watering his lawn, raking, vacuuming, light cleaning and maintenance, light play with his kids, and having the ability to lift 40 lbs. (AR 362, 364, 366, 367, 370, 372, 374, 375.) Plaintiff also had a normal gait and strength in the lower extremities. (AR 425, 427, 435, 440, 448, 452, 454, 456, 461.) Lastly, Dr. Gaftanyuk opined that the side effects from Plaintiff's medications made it impossible for him to work on a reduced schedule of 4-8 hours per day. (AR 1131.) But *no* side effects from medication were documented in the medical record prior to the date last insured.

Accordingly, the ALJ's assignment of little weight to Dr. Gaftanyuk's opinions was supported by substantial evidence.

## C. The ALJ's finding of non-severe insomnia

Plaintiff challenges the ALJ's finding that Plaintiff's insomnia was non-severe. Specifically, Plaintiff contends that the sleep medication he was taking had little effect and thus, the ALJ erred by not adopting his testimony on the sleep

medication's lack of effectiveness. The Court is unconvinced. The ALJ found Plaintiff's insomnia was non-severe because it was treated conservatively, markedly improved with treatment, and was under control with medication. (AR 428, 437, 516.) But even if the ALJ did err in his finding that Plaintiff's insomnia was not a severe impairment, that error was harmless because the ALJ found that Plaintiff had at least one severe impairment and the ALJ took into consideration all of Plaintiff's impairments, both severe and non-severe, when assessing his RFC. 20 C.F.R. § 404.1545(a)(2). And Plaintiff has shown no error in the ALJ's RFC finding.

Accordingly, the Court finds substantial evidence supports the ALJ's finding that Plaintiff's insomnia was non-severe.

### CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motion and **GRANTS** Defendant's cross-motion to affirm the Commissioner's decision. This Order disposes of Docket Nos. 15 and 19.

**IT IS SO ORDERED.**

Dated: May 2, 2024

/s/ Margaret R. Guzman
MARGARET R. GUZMAN
United States District Judge